1840.

In matter of
Conklin.

---

### In the matter of Conklin, a lunatic.

Where a solicitor appears, in behalf of a person against whom a commission of lunacy is issued, to oppose the same, but the jury notwithstanding such opposition find such person to have been a lunatic at the time of the alleged retainer of the solicitor, such solicitor has no legal claim against the estate of the lunatic, on the ground of contract, for his services as solicitor upon the execution of the commission.

The court in its discretion may allow to the solicitor of the lunatic his taxa- ble costs, of opposing the commission, where the fact of the lunacy was so much a matter of doubt that the chancellor, if he had been applied to, would have sanctioned or directed such opposition upon the execution of the commission.

August 4.   THIS was an application on the part of J. Brackett, one of the solicitors of this court, for an order directing the committee of S. Conklin, who had been found a lunatic upon a commission issued for that purpose, to pay the pe- titioner his costs and counsel fees, for opposing the prose- cutor upon the execution of the commission. From the petition it appeared that the petitioner was applied to by the lunatic, who from his appearance was of sound mind, and also by his son, to attend on the execution of the com- mission, and that he attended accordingly one day, six miles from his residence. He claimed for his services $31,74; but had offered the committee to accept of $25, which they declined paying. The committee had notice of the presenting of the petition, but did not appear to oppose the same.

*J. E. Carey,* for the petitioner.

THE CHANCELLOR.  As the person against whom the commission issued has been found to have been a lunatic

at the time of his alleged retainer of the petitioner, the latter has no claim against the estate on the ground of contract; as he is not a creditor of the lunatic, who was incompetent to make a valid agreement to pay him for opposing the commission. And as a general rule, the court will not allow the costs of an unsuccessful opposition; as a party who is really a lunatic is not benefitted thereby.

This court, however, may in its discretion allow costs for opposing the commission; where the fact of the lunacy is so much a matter of doubt that the chancellor would have directed and sanctioned such opposition, if an application had been made to him in the first instance. (*In Re Knight, Shelf. on Lun.* 103.) In this case it appears from the petition, that there were reasonable grounds for believing that the party proceeded against was not a lunatic; and the committee do not appear to oppose this application, as it was their duty to do if they believed the allegations in the petition to be incorrect. The petitioner's taxable costs will therefore be allowed and paid out of the estate. But the court in such a case does not allow extra charges beyond the amount fixed by the fee bill; as such charges must rest in contract merely. The first item in this bill is not taxable, according to the decision of this court in *Ex parte Johnson,* (2 *Paige's Rep.* 282.) The two last items are also extra charges, and therefore not taxable. The third item of the bill is also overcharged, as only one engrossment is taxable. The copies of the subpœna for the witnesses are not engrossed. (2 *Paige's Rep.* 460.) The whole amount of taxable items in the bill is $9,32; which sum the committee of the lunatic are directed to pay out of the estate. But as the petitioner claimed three times as much as he had a right to receive, under this decision, he cannot have any allowance for the costs of the application.

Order accordingly.