### CARTER v. BECKWITH et al.

*(Supreme Court, General Term, Fourth Department. July 1, 1890.)*

INSANITY—PROCEEDINGS TO SET ASIDE COMMISSION—COSTS.

It is within the discretion of the court to award taxable costs to an attorney who appears for a lunatic in proceedings to set aside a commission in lunacy. MARTIN, J., dissenting.

Appeal from judgment on report of referee.

Action by George C. Carter against Emily P. Beckwith and others to set aside a commission in lunacy. Judgment for plaintiff was entered on the report of the referee in Onondaga county, and defendants appeal. For decision of the court of appeals, see 10 N. E. Rep. 350.

Argued before HARDIN, P. J., and MERWIN and MARTIN, JJ.

*John Lansing,* for appellants. *P. C. J. De Angelis,* for respondent.

HARDIN, P. J. I think the rule laid down by the chancellor in *Re Conklin,* 8 Paige, 450, should be applied in this case. The court, as a matter of discretion, might have awarded taxable costs to the attorney who appeared and acted for the lunatic, and such award might have been given upon motion. Under the circumstances of this case, I am in favor of reversal, and a new trial, unless the plaintiff shall stipulate to reduce the damages and judgment therefor to the sum of $173.63, as of the date of the referee's report. If such stipulation shall be given in 20 days, and filed with the clerk of Oneida county, then the judgment as so reduced and modified should be affirmed, without costs to either party upon this appeal.

MERWIN, J,, concurs.

MARTIN, J., (*dissenting.*) The question whether plaintiff should be allowed costs of the proceedings to set aside the commission in lunacy was in the discretion of the court. The question was referred, and the special term confirmed the report of the referee, and allowed costs, but the general term reversed the action of the special term, and held that costs should not have been allowed. I think we should follow the decision of the general term. Moreover, I think the evidence does not sustain the findings of the referee that the plaintiff acted in good faith in commencing such proceeding. I am therefore of the opinion that the judgment should be reversed.