CITY OF EAU CLAIRE v. PAYSON et al.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

No. 728.

1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PARTIES—SUIT BY ASSIGNEE.

A trustee in a mortgage executed by a water company, claiming the right by virtue of the provisions of such mortgage to collect rentals due the company, cannot maintain an action against a city to recover an amount alleged to be due the company as rentals in a federal court, where the company and city are corporations of the same state; his sole right to maintain such an action being as assignee of the contract between the city and company.[1]

2. EQUITY JURISDICTION—ACTION ON CONTRACT—ENFORCEMENT OF LEGAL LIABILITY.

A right of action against a city to recover rentals alleged to be due it under a contract with a water company is at law, and the fact that the company has made an equitable assignment of the contract by way of mortgage does not give the assignee the right to sue thereon in equity, merely because his own interest is equitable, and he cannot, by joining the city as defendant, have its rights determined in a suit to foreclose the mortgage. The city is entitled to have its rights and obligations under such contract determined by a trial in a court of law.

3. SAME—REQUIRING PARTIAL PAYMENT ON UNADJUDICATED CLAIM.

A court of equity, in a suit to foreclose a mortgage on the property of a water company, in which it has appointed a receiver, has no power to require a city to pay to such receiver a sum on account of alleged indebtedness to the mortgagor for water rentals, which is denied by the city and has not been adjudicated.

4. APPEAL—APPEALABLE ORDER.

An order made by a court requiring a city to pay a sum to a receiver on account of a disputed claim against the city, which makes no provision for the return of the money in any case, is appealable as a final decree, although it leaves the question of the city's ultimate liability for future determination.

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

This suit was brought by the trustee in a deed of trust executed by the Eau Claire Waterworks Company to secure a series of bonds, and by holders of the bonds, for the purpose of obtaining a decree of foreclosure. Besides the water company, the city of Eau Claire was made a defendant, and relief asked against it on the ground that by the ordinance under which the waterworks were constructed the city became bound to levy a special annual tax for the payment of hydrant rentals, the proceeds of the tax to be set apart as a "fire hydrant fund," applicable exclusively, as provided in the ordinance and in the trust deed, to the payment of interest upon the bonds. The bill alleges that "hydrant rentals, amounting to twenty-four thousand and fifty-four dollars" (three semiannual installments), "have heretofore been col-

---

[1] Diverse citizenship as ground for federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

lected by the defendant city, by special tax therefor, and are now on hand in the treasury of the defendant city as a special fund for the payment of said interest," and prays that the trust deed may be declared a lien thereon, that the city be decreed to pay the same to the trustee, and further asks the appointment of a receiver, with the usual power over all the property, rights, and franchises of the water company, and of the moneys which are or shall become owing by the city for hydrant rentals or otherwise. A copy of the ordinance referred to is set out, and the following provisions thereof have been emphasized in the briefs and oral argument:

"Sec. 6. * * * And a sufficient tax shall be levied and collected annually upon all the taxable property on the assessment roll of the city of Eau Claire, to meet the payments under this ordinance when and as they will respectively mature during the existence of any contract for hydrant rentals, which tax shall be irrepealable; and in case the city of Eau Claire shall be authorized [and such authority was given by the act of February 18, 1885] to levy a special tax for such purchase [purpose], such tax shall be annually levied and the proceeds thereof shall be kept as a separate fund, known as 'Fire Hydrant Fund,' and shall be irrevocably and exclusively devoted to the payment of hydrant rentals under this ordinance, and shall not be otherwise employed. * * *"

The ordinance also contained provisions imposing obligations upon the water company in respect to the character, construction, capacity, maintenance, and extension of its plant, requiring it, among other things, to supply the city and its inhabitants with "good and wholesome water, suitable for domestic, manufacture and fire purposes," and to have a filtering apparatus "so constructed, operated and maintained as to furnish at all times suitable water for domestic use." Upon the filing of the bill and service of process, the waterworks company at once appeared and answered, and thereupon the court appointed the appellee W. H. Willard receiver, and directed him to take immediate possession of all the property of the company, to conduct the company's business, to continue the operations of the plant, to institute and prosecute all suits, actions, and proceedings necessary in his judgment for the protection of the property and the trust vested in him, to defend suits and actions, and out of the money coming into his hands "in the operation of said properties" to pay, in their order, current expenses, taxes, and assessments, sums due employés, officers, or attorneys for services rendered during the past six months, and for supplies furnished during that period, and, with the sanction of the court, amounts necessary to protect the property from sale under leases, pledges, mortgages, or contracts: "and the money belonging to said company, not used as hereinbefore provided, shall be held by said receiver until he is authorized to dispose of the same under the order or decree of this court."

This appointment was made on July 2, 1900. On the ensuing 23d, upon the verified petition of the receiver,—not filed, apparently, until two days later,—the court ordered the city of Eau Claire to show cause, if any it had, on or before August 3, 1900, why an order should not be made in accordance with the prayer of the petition, and that the city serve upon the solicitor of the petitioner, five days before the day of the hearing, "any and all papers or documents of every kind and description" which the city desired to use at the hearing. The petition of the receiver, in substance, reiterated the averments of the bill, and prayed an order requiring the city and its treasurer to attorn to the petitioner, and forthwith pay to him the rentals due to the amount of $24,054, and a further sum of $400 alleged to be due. On the day appointed for the hearing the city entered a written appearance by its solicitor "for the purpose of objecting to the relief prayed for in the order to show cause," and submitted "affidavits for such purpose only, and to show that the relief prayed for should not be granted, and not for the purpose of submitting on this motion, or in this action, for determination, the question of what amount, if any, is due from the city of Eau Claire to the Eau Claire Waterworks Company, the trustee or receiver, the said city objecting that said question cannot be determined on this motion or in this action, and it does not desire in any manner to waive its said objection."

The affidavits of the city clerk and other officers, read at the hearing on behalf of the city, besides denying performance of the contract by the waterworks company, show that whatever taxes had been levied and collected for the payment of water rental had been included in a general levy for city purposes, and "that no special tax was levied or assessed by said city of Eau Claire for the year 1898, the year 1899, or the year 1900, or at any other time, to deponent's knowledge, as a special or separate tax for the payment of hydrant rentals, either under the name of the 'Fire Hydrant Fund,' or under any other name whatever; that there is no fund in the hands of the city treasurer of said city known as the 'Fire Hydrant Fund'; there is no separate fund in his hands collected or kept for the purpose of paying hydrant rentals; that all moneys heretofore paid to the Eau Claire Waterworks Company, for hydrant rentals, while deponent has been city clerk of said city, and prior to that time, as far as deponent knows or can ascertain, have been paid out of the general fund of said city on verified claims of said Eau Claire Waterworks Company, presented to the common council of said city from time to time, and allowed by the council in the manner that other claims are presented against, and allowed by, said city."

The court having heard the affidavits and the arguments of counsel, and, as the entry reads, "it satisfactorily appearing to the court that there is now in the treasury of the defendant city of Eau Claire funds collected by said defendant city, by taxation, for the purpose of paying hydrant rentals contracted to be paid for by said defendant city of Eau Claire to the defendant Eau Claire Waterworks Company, in and by the ordinance contract under which said waterworks company constructed said waterworks plant at Eau Claire, and it appearing to the satisfaction of the court that said complainants have a lien in equity upon said funds so collected by the said city of Eau Claire, now in the treasury thereof, for the payment of hydrant rentals, and the court being sufficiently advised," on motion of the solicitor for the receiver, "ordered that said defendant city of Eau Claire do, within ten days after the service of a copy of this order upon the mayor, city clerk, and city treasurer of the defendant city of Eau Claire, pay over to said W. H. Willard, receiver herein, a portion of said funds so collected by said city of Eau Claire, for the payment of hydrant rentals, to wit, the sum of sixteen thousand and thirty-six dollars, and that said city may retain the residue of said funds so collected for the payment of hydrant rentals claimed by the complainants to be due, until the further order of the court, it not being intended by this order to determine what amount, if any, is due from the defendant city for hydrant rentals, but said question will be determined by the decision of the issue hereinafter directed to be made up and referred to H. M. Lewis, special master. On like motion, it is ordered that the petition herein of the said receiver filed with the clerk of this court on July 25, 1900, stand as a bill of complaint, and that the city of Eau Claire have leave to file its answer thereto on or before the first Monday in September, 1900, and that said receiver have leave to reply to said answer within twenty days thereafter. On like motion, it is ordered that the issues of fact and law raised by said pleadings be, and the same are, referred to H. M. Lewis, of the city of Madison, Dane county, Wisconsin, as special master in chancery, to take proofs, and report his findings of fact and conclusions of law thereon to the court, with all convenient speed."

The appeal is from that order, and it is alleged to be erroneous (1) because the court never had jurisdiction of the suit or parties; (2) because the court had no jurisdiction to order the city to pay the sum mentioned without a trial to determine the amount due; (3) because neither the waterworks company nor the receiver ever had any interest in, or lien upon, the money ordered to be paid; (4) because the order was made summarily, without trial, and without opportunity to the city to defend, and before the time when the city was required or permitted to appear, demur, plead, or answer; (5) because the money was ordered to be paid to the receiver absolutely, without provision or security for its return, and without limitation upon the right of the receiver to use or spend it. The appellees have moved to dismiss the appeal on the ground that the order was not final, and therefore not appealable.

James Wickham and B. W. Jones, for appellant.

John M. Olin and Harry L. Butler, for appellees trustee and bond-holders.

Wm. Ruger, for appellee receiver.

F. M. Miner, for appellee Eau Claire Waterworks Co.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The objections to the jurisdiction of the court below over the city of Eau Claire as a defendant seem to be insuperable. The demand against the city is a purely legal one, upon the contract made with the water company. The trustee in the deed of trust has no title to that contract, or right to sue for money due upon it, except as assignee of the waterworks company; the assignment being by force of the trust deed, which in terms conveyed and assigned to the trustee "rents, revenues, income" then owing, or thereafter to be acquired, "and all rights" of the water company "to collect all tolls, rent, and water rates." The water company, being a corporation of Wisconsin, could not have sued the city upon the contract in a federal court, and the assignee can therefore have no better right to sue in that court. Besides, if the jurisdiction were otherwise unquestioned, there was no necessity for a resort to equity. The assignee of a chose in action, or any cestui que trust, cannot sue in equity merely because his interest is equitable. If it be conceded that the trustee in this case acquired the legal title, and had a right in his own name to sue the city upon the contract, it was a right to sue at law, and not in equity. It is true that the bill asks to have declared a lien upon the fund, but, under the circumstances, that is not a matter of substance. It is not alleged that the right of the trustee to whatever should be found due from the city for water rentals had been or was disputed. The contrary is apparent. There was in fact no fund subject to the alleged lien, and it is not to be permitted that a right of action at law can be made cognizable in equity by praying equitable relief, which is not essential to the ultimate remedy sought. The opinion in New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205, 2 Sup. Ct. 279, 27 L. Ed. 484, is in point upon both phases of the question. The objection there made that the assignee of the water company could not sue in the circuit court, that company being a citizen of Tennessee, was declared conclusive if the jurisdiction depended on citizenship alone; and in respect to the jurisdiction in equity, which was recognized as maintainable against "the waterworks themselves, and all the property comprised in the mortgage which is susceptible of actual possession," the court said:

"But the claim against the city does not lie in possession, but in contract alone. The contract itself may be subject to sale as part of the mortgage assets; but the proceeds of the contract, the money alleged to be due from the city to the water company under it, has never been reduced to possession, and the city of Memphis denies its liability to pay it. In order to reduce to possession the money claimed to be due, and subject it to the control of the court, the ordinary mode of enforcing the contract must be resorted to. It may be that the circuit court had the power to direct such a proceeding

to be had as ancillary to its administration of the mortgage fund; but it must be a proper proceeding, adapted to the nature of the demand. If a promissory note were included in the mortgage fund, and the parties liable upon it should refuse to pay it, the circuit court might probably order the trustees of the mortgage to bring an action on the note; but a bill in equity would hardly be considered a proper proceeding for enforcing its collection. * * * Whether the contract is or is not a valid one, and, if valid, what are the obligations of the city under it, and the damages for the breach thereof, are pure questions of law, which the city cannot, under ordinary circumstances, be compelled to litigate with any other party than the water company or its legal assigns. If the parties having the legal interest refuse to sue, those having the beneficial interest will be authorized to use their names on giving them proper indemnity against costs. The city has a right to be confronted with those who have the legal interest in the contract, unless they absolutely refuse the use of their names, or special circumstances exist which would prevent or greatly embarrass the prosecution of the suit. It does not lose its right to a trial at law by any pledges or assignments which the water company may make of its interest in the contract. Such pledges or assignments may create equitable rights in regard to that interest, as between the water company and the assignees; but the contract, so far as the city is concerned, remains a matter of legal cognizance. If a merchant should pledge his bills receivable as security for a loan, any equitable rights which arise between him and his pledgee may be adjudged in equity, but the makers and acceptors must be sued thereon at law. And so here, while the equities between the water company as mortgagor and the mortgagees, or those claiming under them (such as the right of redemption, etc.), may be determined by a court of equity, the legal demand against the city on the contract is cognizable at law, and should be prosecuted in the ordinary courts of law, as was done in the action brought in the name of the water company against the city. * * * We have lately decided, after a full consideration of the authorities, that an assignee of a chose in action, on which a complete and adequate remedy exists at law, cannot, merely because his interest is an equitable one, bring a suit in equity for the recovery of his demand. Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544, 27 L. Ed. 271. He must bring an action at law, in the name of the assignor, to his own use. This is true of all legal demands standing in the name of a trustee, and held for the benefit of cestuis que trustent."

It follows from all this that the court ought not to have undertaken to determine, before a proper action had been brought, whether there was due from the city any sum which ought to be paid over upon the contract. The necessary meaning of the order is that in the opinion of the court it was safe, without determining definitely what was due, to require that two-thirds of the sum demanded be paid at once to the receiver, who by virtue of his appointment represented the trustee and the bondholders. Even in a proper case, without question of the jurisdiction of the court over the party, there could be no warrant for such a proceeding before issue joined and a trial of the rights involved. No fund had been set apart as a trust fund, and, even if there had been, the receiver could claim of it only so much as should be found due upon the contract, and, in the absence of averment of danger to the fund by reason of the insolvency of the city or for other cause, there could be no justification for an order requiring partial payment before it had been regularly determined whether anything was due.

That the order was appealable there should be no serious doubt. To the extent of the payment required, it was essentially a final decree. It was made without jurisdiction over the party affected, com-

pelled the immediate surrender of a large sum of money, and made no provision for its safe-keeping or return in case a return should be found necessary. It was not ordered into the hands of the receiver to be held for future disposition. If that had been intended, the registry of the court would have been the appropriate depositary. There was no necessity for the order except to supply the receiver with money to be used in the performance of his trust, and that he might so use it seems to have been the purpose of the petition in seeking, and of the court in entering, the order. If mere custody of the money was intended, it should have been explicitly so stated. The supreme court has not placed upon the words "final decree," respecting the right of appeal, a strict and technical sense, but has given them a liberal and reasonable construction. Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404; 4 Notes U. S. Rep. 628. See, also, Potter v. Beal, 2 C. C. A. 60, 5 U. S. App. 49, 50 Fed. 860; Trustees v. Greenough, 105 U. S. 527, 531, 26 L. Ed. 1157; Williams v. Morgan, 111 U. S. 684, 699, 4 Sup. Ct. 638, 28 L. Ed. 559; In re Farmers' Loan & Trust Co., 129 U. S. 206, 9 Sup. Ct. 265, 32 L. Ed. 656; Stovall v. Banks, 10 Wall. 583, 19 L. Ed. 1036.

The order is reversed, and the cause remanded for proceedings not inconsistent with this opinion.