## LEE CHU and C. K. AI *v.* ISAAC NOAR.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED FEBRUARY 27, 1903.          DECIDED APRIL 3, 1903.

#### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A decree of sale in a partition suit need not contain a particular description of the property involved if by reference a precise description set forth in the bill of complaint is sufficiently and by apt words made a part of such decree. The better practice, however, is to incorporate a precise description in the decree.

The evidence in this case held to disclose no circumstances justifying the appointment of a receiver to take possession of the property and collect the income thereof.

In partition suits the better practice is to set forth, either in a separate decree or in the same decree with the order of sale, an express statement of the findings of the court concerning the right of the parties to a partition and their respective interests or at least, in a case where the truth of the averments of the bill on those subjects is admitted by the answer, a recital of such agreement of the parties.

Upon the evidence in this case, the Circuit Judge correctly found (a) that the property is incapable of partition in kind without great prejudice to the parties and (b) that a sale should be ordered.

### OPINION OF THE COURT BY PERRY, J.

This is a bill in equity wherein it is averred that the complainants and the respondent are the owners, as tenants in common, of a certain piece of land situate on the corner of Fort and Kukui Streets in this city and also of a certain lease of another piece of land situate on Fort Street and adjoining that first described; that the interests of the parties are, respectively, one fourth, five sixteenths, and seven sixteenths; that the parties desire to have a partition of the property but that the same

is incapable of a fair and just partition. The prayer is for a sale of the premises and a division of the proceeds. The respondent in his answer denies that the property is incapable of just partition, admits the truth of all the other averments of the bill and asks that a partition in kind be ordered. The court decreed a sale and appointed a commissioner to make such sale and also a receiver to take possession of the property and collect its rents, issues and profits. The respondent's appeal attacks the decree on four grounds which will be referred to in their order.

1. That the decree is uncertain in that the property involved is not described therein. The property is referred to in the decree as "the lands described in the petition of plaintiffs herein" and the bill contains a definite description by metes and bounds. This is sufficient. The rule that that is certain which can be made certain applies. See 5 Encycl. Pl. & Pr. 1067; 11 Ib. 955; *Haws v. Mining Co.*, 160 U. S. 303, 314; *Hogue v. Fanning*, 73 Cal. 54, 57; *McGee v. Smith*, 16 N. J. Eq. 462, 465; *Foster v. Bowman*, 55 Ia. 237, 240. It may be added, however, that in our opinion the better practice is to insert in the decree a particular description of the property.

2. That the appointment of a receiver was irregular and not justified either by the pleadings or by the proofs. The bill contains no specific prayer for the appointment of a receiver. Assuming that in a suit for partition the court may under the prayer for general relief or, without such prayer, of its own motion appoint a receiver to take charge of the property and collect the income, still in this case we think that the appointment must be set aside as wholly unsupported by the evidence. A careful examination of the transcript of the evidence fails to disclose any facts or circumstances rendering the appointment necessary or justifiable. So far as appears, there was no exclusion of the complainants by the respondent from the enjoyment of the property, nor any degree of hostility between the cotenants or other conditions such as to warrant the belief that injury would result to the interests of any of the parties unless a receiver was appointed. The evidence was that the respondent collected the rents and otherwise acted as agent for

the property untill about seven or eight months prior to the hearing in the court below and that after that the complainants took charge. No complaint was made by any of the parties as to the management of any of the others, nor was any application made for the appointment.

As to the appealability of this provision of the decree, it is sufficient to say that in this jurisdiction it is well settled that an appeal from the final decree in an equity case brings up for review interlocutory orders made during the progress of the case. Even matters within the discretion of the trial judge may be reviewed and the orders made set aside if the making of them constituted an abuse of discretion, and in this case our conclusion is that there was such an abuse.

3. That no interlocutory decree was rendered, determining the interests of the parties or that the complainants were entitled to partition. That an adjudication was made by the court on these two points appears from the decree by inference only. Besides providing for the appointment of the receiver the decree merely sets out the finding of the court that a partition in kind cannot be made without injury to the parties and that a sale would be more advantageous, orders a sale of all the right, title and interest of the parties, and provides for the appointment of a commissioner to make the sale and to report to the court within ten days thereafter. That the complainants are entitled to partition and what the respective interests of the parties are, are matters which should be adjudged by the court before ordering a sale. See Freeman on Cotenancy & Partition, §516; 15 Encycl. Pl. & Pr. 809, 810, 820; *Green v. Fisk*, 103 U. S. 518, 519; *Lorentz v. Jacobs*, 53 Cal. 24, 26; *Stevens v. Mc-Cormick*, 90 Va. 725 (19 S. E. 742). Whether or not the present decree with the inferences deducible from it would be good on collateral attack, the usual and better practice is to set forth, either in a separate decree or in the same decree with the order of sale, an express statement of the findings on these subjects or at least, in a case such as this, a recital of the agreement of the parties concerning the facts.

4. That the evidence was insufficient to warrant an order of sale. Without setting forth in detail the pertinent facts, our conclusion is that upon the evidence adduced the Circuit Judge correctly found, in effect, that the two pieces of land owing to their situation with reference to each other, their size, shape and other physical features, and the nature and position of the buildings on them, are incapable of being divided in kind without great prejudice to the parties. It is not without significance in this connection that respondent, while contending that a sale is not justified by the circumstances, has failed to suggest any method by which the desired partition in kind can be accomplished. No request was made at the trial for reference to a commissioner to report whether in his opinion such partition could be made. Nor do we see upon the case as disclosed by the evidence, how the awarding of owelty can be resorted to with any assurance that justice will be thereby done to the parties.

The decree appealed from is set aside and the cause remanded for such further proceedings, not inconsistent with the foregoing views, as may be proper.

*J. A. Magoon* and *J. Lightfoot* for complainants.

*Humphreys, Thompson & Watson* for respondent.