J. ALFRED MAGOON, Guardian of Kalua Kapukini, a spendthrift, plaintiff in error, *v.* THOMAS FITCH, defendant in error.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 21, 1904.     DECIDED JULY 11, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

GUARDIANSHIP—*jurisdiction to allow counsel fees.*

A Circuit Judge sitting in probate has jurisdiction to allow counsel fees to counsel, representing a ward, in an unsuccessful attempt to obtain revocation of an order of guardianship.

ERROR.

The amount of such allowance is not reviewable on writ of error, except in case of abuse of discretion by the Probate Judge.

OPINION OF THE COURT BY HATCH, J.

This is a writ of error to the Circuit Court for the First Circuit to reverse a decision of Robinson, J., sitting in probate, rendered in the matter of the Estate of Kalua Kapukini, allowing Mr. Thomas Fitch counsel fees to the amount of $500, for professional services in proceedings brought to obtain a termination of the guardianship under which Kalua Kapukini was restrained as a spendthrift.

A judgment was obtained by Mr. Fitch in the court below on October 7, 1901, Little, J., presiding, discharging the ward from guardianship. This judgment was reversed, on appeal, by the Supreme Court by a decision dated May 7, 1902.

A motion for a rehearing, and to vacate the decision rendered by the Supreme Court, was filed by Mr. Fitch on June 2, 1902,

on behalf of the ward. On this motion coming on for hearing before the Supreme Court, the proceeding was abandoned by Mr. Fitch on the written instructions of his client, the ward, who stated that she did not desire a rehearing, and wished to continue under guardianship. This terminated the proceedings before the Supreme Court. Counsel was remitted to the Circuit Judge for a consideration of his motion for allowance of counsel fees.

On November 14, 1902, an order was made by Robinson, J., sitting in probate, allowing Mr. Fitch the sum of $500. for professional services on behalf of the ward in the proceedings which had theretofore been had in the cause.

The writ of error calls in question the power of the court to make the allowance. The first assignment denies jurisdiction in the Circuit Court at Chambers, in probate, over the subject matter, or the cause of action, or the person of defendant in error, and sets up that the claim of counsel, being unliquidated, was cognizable only in an action at law.

Jurisdiction is expressly conferred upon a Circuit Judge in probate by §1968 of the Civil Laws to make an allowance for all reasonable expenses of the ward in defending himself against the complaint at the time a guardian is appointed. This would include an allowance of counsel fees. The section is as follows: "When a guardian shall be appointed for an insane person, or spendthrift, the Judge shall make an allowance to be paid by the guardian, for all reasonable expenses incurred by the ward in defending himself against the complaint."

In Section 1975, it is provided * * * "and the guardian of any insane person or spendthrift, may be discharged by any Judge of Probate, when it shall appear to him, on the application of the ward, or otherwise, that such guardianship is no longer necessary."

The same reasons exist for the approval of the appearance of counsel on behalf of the ward, or for the assignment of counsel for the ward, in the latter case as in the former. Indeed they would appear to be stronger in the case of a controversy between

the ward and the guardian, than when the question was solely the necessity of appointing a guardian at all.

· Section 1962 provides that nothing contained in this chapter shall impair the right of the court to appoint a guardian ad litem. Construed together we think that the above sections confer upon the Circuit Judges in probate the power to appoint, or to approve of the appearance of, counsel on behalf of the ward, whenever in the opinion of the Judge the interests of the ward require representation by counsel. Moreover the powers conferred by Chapter 126 of the Civil Laws are supplemental, and in addition, to the powers conferred upon Circuit Judges by Section 1145 of the Civil Laws. Paragraph fourth of this section amounts to a general grant of jurisdiction over the subject matter of guardians. The power to make an allowance to counsel in a proper case is necessarily included in the power to appoint counsel, or to approve of the appearance of counsel. The amount to be allowed counsel appearing for the ward is based upon the value of the services to the ward, and thet necessity for bringing the proceeding under the circumstances existing in each case. The amount is within the sound discretion of the Judge; though uncertain, it bears no analogy to a claim for unliquidated damages. The court has full power to settle the question without reference to a jury. The defendant in error brought himself within the jurisdiction of the court below when he made an application for an allowance.

The second assignment of error denies the power of the court to make an allowance to counsel representing the ward, except in cases of successful intervention.

We do not think that compensation should be dependent upon success, though it was so held in *Cochrin v. Amsdem, Guard,* 104 Ind. 283. In *Dearborn v. Batten,* 64 N. H. 568, on the other hand, it was held that the recovery of reasonable expenses by a guardian, in resisting an application by the ward for his removal, does not depend upon success. Good faith and the exercise of sound discretion are the controlling factors. We prefer to follow this view. To adopt any other rule would

seem to imply an approval of speculative or contingent fees, which certainly ought not to be tolerated in cases where the client is suffering under any disability.

The cases of *Hehn v. Hehn,* 23 Pa. St. 415, and *In re Conklin,* 8 Paige 450, cited by plaintiff in error are cases of contract with a ward, and are not in point. The case of *In the Matter of Buckwith,* 3 Hun. 443, also cited by plaintiff in error, goes to the exercise of the jurisdiction, rather than to the existence of the jurisdiction. It supports the proposition that the allowance is within the discretion of the court. On page 448, the court says: "Costs are not granted against a person who institutes proceedings to declare a person a lunatic and fails in them, if the prosecution has been in good faith. The same rule is applied when in good faith."

The third assignment does not raise a question of law. Questions of fact dependent upon a consideration of the evidence, and matters of discretion, there being no showing of abuse of refusing costs, rests in the sound discretion of the court, and they will not be granted unless the proceedings are for the benefit of the lunatic and are instituted and prosecuted fairly and the attorney of the lunatic fails in an application to traverse or supersede the commission. Indeed the question of granting or discretion, cannot be reviewed upon writ of error.

The propriety of the amount allowed could only be reviewed by an appeal.

The writ of error is dismissed.

*J. A. Magoon* and *J. Lightfoot* for plaintiff in error.

*Defendant in error* in person.