IN THE MATTER OF THE APPLICATION OF M. F. SCOTT AND NETTIE L. SCOTT FOR A WRIT OF PROHIBITION AGAINST HONORABLE T. B. STUART, THIRD JUDGE, CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII, AND JOSEPH LIGHTFOOT, ESQ., MASTER IN CHANCERY.

PETITION FOR WRIT OF PROHIBITION.

ARGUED JUNE 14, 1915.                    DECIDED JUNE 30, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

COURTS—*disqualification of judge—pecuniary interest.*
    A circuit judge is not disqualified to hear or determine a partition suit by reason of a pecuniary interest therein because of his having made an order directing the payment of an attorney's fee for services rendered for the judge in a prohibition proceeding growing out of the partition suit, out of a fund in court belonging to the parties to the suit, such order having no connection with the subject-matter or issues of that suit.
APPEAL AND ERROR—*final order or decree—order directing payment of money.*
    An order or decree directing the payment of money, other than the payment into court for further disposition, is final in its nature and appealable.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a petition for a writ of prohibition to restrain circuit judge Stuart from proceeding further in the hearing of a suit in equity for the partition of certain land wherein the petitioners herein are plaintiffs, on the ground that the judge is disqualified by reason of pecuniary interest in the case. Org. Act, Sec. 84. The facts constituting the alleged disqualification are, in brief, these: The circuit judge had previously appointed the respondent Lightfoot as master in chancery in the partition suit under an order directing an inquiry into and a report upon the case which had become complicated; the petitioners applied

to this court for a writ of prohibition alleging that the order appointing the master was made without jurisdiction; the writ was dismissed (*Scott* v. *Stuart*, ante, p. 459); thereafter the respondent Lightfoot filed a motion in the partition suit, alleging that he had been "ordered by said judge to appear in said supreme court as the attorney for said judge and in his own behalf," on the application for the writ of prohibition, asking for the allowance and payment to him of a suitable attorney's fee; the motion was granted, and an order was entered directing the clerk of the court to pay to Mr. Lightfoot the sum of one hundred dollars out of the fund on deposit in court in said suit as an attorney's fee for services rendered as above stated; thereupon the petitioners moved that Judge Stuart assign the case to another judge because he had, by the making of the said order, become disqualified from making any further order in the case; and the judge denied that motion.

The gist of the argument of the petitioners is that as the respondent Lightfoot had rendered service as an attorney in connection with the application for the writ of prohibition he was entitled to compensation therefor from Judge Stuart, and the effect of the order that Lightfoot be paid out of the fund in court belonging to the parties to the partition suit, including the petitioners, was to relieve the judge of the obligation to pay Lightfoot himself, and that in making the final decree in the case the judge will be pecuniarily interested in affirming the aforementioned order.

Upon what theory the circuit judge assumed the right to order the payment of Mr. Lightfoot for services rendered as attorney for the respondents in the former proceeding in prohibition out of moneys belonging to the parties to the partition suit is difficult to understand, and it has not been explained. But we need not pursue the inquiry as the question presented here is not as to the validity of the order referred to, but its effect. It should be pointed out, however, that that order was an appealable one, and as it was made in a proceeding inde-

pendent of the suit for partition and foreign to the subject-matter of that suit, though growing out of it, the order would not, upon final decree, be up for reconsideration or review. An order or decree directing the payment of money, other than a payment into court for further disposition, is final in its nature and appealable. *Dole* v. *Gear,* 14 Haw. 554, 566; *Trustees* v. *Greenough,* 105 U. S. 527, 531; *Eau Claire* v. *Payson,* 107 Fed. 552; *In re Michigan Cent. R. Co.,* 124 Fed. 727; *People* v. *Prendergast,* 117 Ill. 588. An appeal from a final decree in equity brings up for review by this court all interlocutory orders not appealable directly as of right which dealt with issues in the case. *Lee Chu* v. *Noar,* 14 Haw. 648, 650. Whether such an appeal would bring up for review an intermediate order directly appealable because final in its nature and settling some issue in the case we are not required to say. The point made by the petitioners that in directing the payment of the attorney's fee out of the fund in court the judge relieved himself of the necessity of paying it might perhaps have been urged as a ground of disqualification of the judge, by reason of interest, from making that order, but there is no merit in the contention that by reason of having made that order the judge acquired a pecuniary interest in the partition suit, for, as above stated, the order for the payment of the money had no connection with the subject-matter or issues of the suit.

For these reasons the alternative writ issued herein must be dismissed.

*M. F. Scott* for petitioners.

*J. Lightfoot* for respondents.